```
                   IN THE UNITED STATES DISTRICT COURT
                   FOR THE MIDDLE DISTRICT OF GEORGIA
                              ATHENS DIVISION

MERIAL INC. and MERIAL SAS,       *

     Plaintiffs,                  *

vs.                               *

CEVA SANTÉ ANIMALE, S.A.,         *    CASE NO. 3:15-CV-40 (CDL)
HORIZON VALLEY GENERICS, INC.,
TRUE SCIENCE HOLDINGS, LLC, and   *
TRURX LLC
                                  *
     Defendants.
                                  *
```

O R D E R

Defendant Ceva Santé Animale S.A. ("Ceva France") seeks to dismiss Plaintiffs' complaint based on insufficient service of process. The resolution of this motion ultimately requires the Court to decide whether the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163 ("Hague Convention") authorized Plaintiffs to serve their complaint against Ceva France, a French company, by mail. Finding that the Hague Convention does not authorize service by mail under the circumstances presented here and that Plaintiffs have not otherwise properly served Ceva France, the Court orders that if Plaintiffs do not properly serve Ceva France within 60 days of today's Order, Ceva France's motion to dismiss shall be granted.

STANDARD

To determine whether a legal action has been properly served, the Court first looks to Rule 4 of the Federal Rules of Civil Procedure. With one exception that is not applicable here, a foreign company must be served in any manner that an individual in a foreign country may be served under the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4(h)(2). Rule 4(f) prescribes the method for serving a foreign individual and thus also for serving a foreign company such as Ceva France. Ceva France may be served:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>>
>> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>>
>> (C) unless prohibited by the foreign country's law, by:
>>
>> * * *
>>
>>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

>    (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

In this case, the United States and France are signatories to the Hague Convention. Therefore, the appropriate means for serving the complaint in this action on Ceva France are those that are set out in the Hague Convention. *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988) ("[C]ompliance with the Convention is mandatory in all cases to which it applies.").[1]

## DISCUSSION

Plaintiffs contend that they properly served Ceva France pursuant to the Hague Convention as follows: Plaintiffs hired a private process server to serve Herve Balmes, who Merial contends is a member of Ceva France's Executive Committee, with a copy of the summons, amended complaint, and exhibits at Ceva France's principal place of business in Libourne, France.

---

[1] Since the Hague Convention provides an internationally agreed means of service in this case and does specify various means for accomplishing service, it is doubtful that subsection (2) of Federal Rule of Civil Procedure 4(f) applies here; subsection (2) applies "if there is no internationally agreed means, or if an international agreement allows but does not specify other means." Fed. R. Civ. P. 4(f)(2). Even if Rule 4(f)(2) did apply, Plaintiffs have not established that they complied with its requirements. They have not demonstrated that service by mail is authorized under French law in France's courts of general jurisdiction. They did not have the Clerk of Court send their summons and complaint by mail. They did so without involvement of the Clerk. And they did not obtain a court order. Thus, even if subsection (2) is available notwithstanding the application of the Hague Convention, Plaintiffs have not complied with it, and the sole question, therefore, is whether Plaintiffs properly served Ceva France pursuant to the provisions of the Hague Convention.

Plaintiffs argue that such service complies with Article 10(c) of the Hague Convention. Article 10(c) provides that service shall be "through the judicial officers, officials or other competent persons of the State or destination." Hague Convention art. 10(c). This provision has been interpreted to mean that service must be made through an authorized French bailiff or huissier de justice, which was not done here. *Perfumer's Workshop, Ltd. v. Roure Bertrand du Pont, Inc.*, 737 F. Supp. 785, 789 (S.D.N.Y. 1990). Instead, Plaintiffs employed a private process server. And Plaintiffs did not point the Court to any authority that a private process server is considered a "judicial officer[], official[], or other competent person[] of" France. Hague Convention art. 10(c). For this reason, the Court cannot find that service on Balmes satisfies Article 10(c).

Merial next delivered via certified mail two copies of the summons, amended complaint, and exhibits to Ceva France's CEO, Marc Prikazsky, at Ceva France's principal place of business in Libourne, France. Ceva France does not seriously dispute that it received the documents that Merial mailed to it and that Ceva France has actual notice of this lawsuit. But Ceva France contends that service by certified mail is not authorized under Article 10(a) of the Hague Convention.

4

Article 10(a) states: "Provided the State of destination does not object, the present Convention shall not interfere with . . . the freedom to send judicial documents, by postal channels, directly to persons abroad . . . ." Hague Convention art. 10(a). It is undisputed that France does not object to Article 10(a). Hague Conference on Private International Law, *France – Central Authority & practical information*, https://www.hcch.net/en/states/authorities/details3/?aid=256 (last visited Jan. 25, 2016). The question is whether Article 10(a) authorizes service of a complaint in a legal action by registered mail.

The answer to this question depends on whether the word "send" means "serve." In the context of the Hague Convention and Rule 4 of the Federal Rules of Civil Procedure, to "serve" means to deliver judicial documents to another party to litigation in a manner that is designed to provide reasonable notice to the other party and that is specifically authorized by law to initiate a legal action. To "send" a judicial document does not have the same specialized meaning as to "serve." "Send" simply means the transmission of something to someone. It is not necessarily connected to any legal requirement regarding how a party in litigation is to be notified of, or provided with, judicial documents. Of course, a litigant could "serve" an opposing party under the law by "sending" the party

judicial documents in a manner prescribed by the law. But simply "sending" someone documents in a certain manner does not necessarily mean that the person has been "served" under the law. And even if the law allows judicial documents to be "sent" in a certain manner, that does not mean that the law permits judicial documents to be "served" in that same manner. Service, particularly as it relates to the initiation of a legal action, arguably contemplates a higher degree of assurance that the judicial documents will ultimately be delivered since the failure to respond to the service can have serious legal consequences.

The Court agrees with the Fifth Circuit's rationale distinguishing "serve" from "send" as used in Article 10(a). As the Fifth Circuit observed, the Court must "rely on the canons of statutory interpretation rather than the fickle presumption that the drafters' use of the word 'send' was a mere oversight." *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 384 (5th Cir. 2002). "'Absent a clearly expressed legislative intention to the contrary,' a statute's language 'must ordinarily be regarded as conclusive.'" *Id.* (quoting *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980)). The Fifth Circuit held that Article 10(a) does not authorize service by mail, explaining that "because the drafters purposely elected to use forms of the word 'service' throughout the Hague

6

Convention, while confining use of the word 'send' to article 10(a), [the court] will not presume that the drafters intended to give the same meaning to 'send' that they intended to give to 'service.'" *Id.*; *see also Bankston v. Toyota Motor Corp.*, 889 F.2d 172, 174 (8th Cir. 1989) ("We conclude that sending a copy of a summons and complaint by registered mail to a defendant in a foreign country is not a method of service of process permitted by the Hague Convention.").

The Court recognizes that a circuit split exists and that other courts have ruled that Article 10(a) authorizes service by mail. *E.g., Brockmeyer v. May*, 383 F.3d 798, 808 (9th Cir. 2004) (holding "that the Hague Convention allows service of process by international mail" but that "any service by mail" must be performed in accordance with the requirements of Rule 4(f)"); *Ackermann v. Levine*, 788 F.2d 830, 839-40 (2d Cir. 1986) (finding that Article 10(a) permits mail service in countries that are signatories to the Hague Convention and have not objected to mail service under Article 10(a)); *see also Research Sys. Corp. v. IPSOS Publicite*, 276 F.3d 914, 926 (7th Cir. 2002) (noting that service by certified mail in France is permitted under Article 10(a) of the Hague Convention); *Koehler v. Dodwell*, 152 F.3d 304, 307-08 (4th Cir. 1998) (noting that Article 10(a) permits service by mail).

Although the Eleventh Circuit has not addressed the issue, several district courts from this circuit have also found that Article 10(a) allows service by mail. *See Tracfone Wireless, Inc. v. Hernandez*, No. 15-23032-CIV, 2015 WL 5165718, at *3 (S.D. Fla. Sept. 2, 2015) ("[P]rovided the destination country does not object, service to individuals abroad can be made via postal channel (such as FedEx) under Fed. R. Civ. P. 4(f)(1)."); *TracFone Wireless, Inc. v. Unlimited PCS, Inc.,* 279 F.R.D. 626, 630 (S.D. Fla. 2012) (highlighting a U.S. Department of State deputy legal adviser's criticism of *Bankston's* holding that the Hague Convention does not permit service of process by registered mail); *Schiffer v. Mazda Motor Corp.*, 192 F.R.D. 335, 337-38 (N.D. Ga. 2000) (collecting cases and adopting "the view that Article 10 does permit service of process by mail"); *cf. Geopolymer Sinkhole Specialist, Inc. v. Uretek Worldwide Oy*, No. 8:15-CV-1690-T-36JSS, 2015 WL 4757937, at *3-4 (M.D. Fla. Aug. 12, 2015) (noting that the Permanent Bureau of the Hague Conference on Private International Law concluded "the term 'send' in Article 10(a) is to be understood as meaning 'service' through postal channels").

With all due respect to these other courts, this Court finds that the resolution of this issue involves a straightforward exercise of statutory interpretation. No matter how many State Department officials may say that "send" means

8

"serve," that does not make it so. The signatories of the Hague Convention knew what the word "serve" meant in the context of serving legal documents. They purposefully chose not to use that word in Article 10(a). It is not the proper place for a single judge to insert that word in the place of the word the drafters actually chose just because the judge speculates that may be what the drafters meant. To do so would not be a legitimate exercise of statutory interpretation but would create judicial mischief.[2] Accordingly, the Court finds that Plaintiffs did not properly serve Ceva France when they attempted to do so through registered mail.

Plaintiffs contend that even if they did not effect service pursuant to the Hague Convention, they properly served Ceva France by other means. Plaintiffs argue that they properly served Ceva France by personally delivering service of process to Corporation Service Company, the Georgia registered agent for Ceva Animal Health, LLC, a U.S. subsidiary of Ceva France. Ceva France acknowledges that Corporation Service Company is a

---

[2] Plaintiffs argue that if "send" does not mean "serve", then its use in Article 10(a) is meaningless. But Article 10(a) simply provides that nothing in the Hague Convention shall be deemed to interfere with a party's ability to send/transmit legal documents by mail if the signatory country does not object to this method of transmitting legal documents. Thus, it clarifies that the transmission of documents that do not require legal "service" can be accomplished through the mail. The drafters knew how to describe the transmission of documents for service purposes and they did so in subsections (b) and (c) of Article 10 when they used the phrase "to effect service" instead of "to send." The Court declines to speculate that they did not mean what they said.

9

registered agent for its subsidiary, but maintains that it is not a registered agent for Ceva France. Strait Decl. ¶ 4, ECF No. 105-1. Plaintiffs presented no evidence to the contrary.

Plaintiffs also maintain that they effected service on Ceva France by personally serving Craig Wallace, the CEO of Ceva Animal Health, LLC, with a Summons and Amended complaint at his home (after attempting to serve him at his office but being told that Wallace would not be produced for service). Merial contends that Wallace is Ceva France's North American Zone Director, although Ceva France presented evidence that he is an officer of Ceva U.S. Holdings, Inc. and Ceva Animal Health LLC but is not an employee, officer, director, or agent of Ceva France and is not authorized to accept service on behalf of Ceva France. Strait Decl. ¶ 3. Plaintiffs produced no evidence to rebut Ceva France's representations and pointed the Court to no authority that its attempts at service on Wallace were proper under Rule 4 of the Federal Rules of Civil Procedure.[3]

---

[3] Plaintiffs argue that Wallace's social networking profile on LinkedIn established that he was an officer of Ceva France because it stated that he was "CEO and North America Pacific Zone Director" at "CEVA SANTE ANIMALE." Pls.' Resp. to Defs.' Mot. to Dismiss Ex. 12 at 16, LinkedIn Profiles, ECF No. 38-13 at 17. But Wallace's LinkedIn profile does not establish that Wallace was an officer of the legal entity Ceva Santé Animale S.A. The profile said that Wallace was CEO (and North America Zone Director) of CEVA SANTE ANIMALE, but there is no evidence that Wallace was ever CEO of *Ceva Santé Animale S.A.* Rather, the evidence is that Marc Prikazsky holds that position. Therefore, the LinkedIn profile does not establish that Wallace is an officer of Ceva Santé Animale S.A. or that he was authorized to accept service on behalf of Ceva France.

10

CONCLUSION

As discussed above, Plaintiffs' motion to dismiss for insufficient service of process (ECF No. 105) shall be granted, unless Plaintiffs properly effect service on Ceva France within 60 days of today's Order.

IT IS SO ORDERED, this 26th day of January, 2016.

S/Clay D. Land  
CLAY D. LAND  
CHIEF U.S. DISTRICT COURT JUDGE  
MIDDLE DISTRICT OF GEORGIA